UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20454-CR-BECERRA

UNITED STATES OF AMERICA

vs.

CARL ALAN ZAGLIN,
ALDO NESTOR MARCHENA,
FRANCISCO ROBERTO COSENZA CENTENO,

                         **Defendants.**
_____/

## DEFENDANT ZAGLIN'S MOTION FOR RESET, CONTINUANCE OR RECESS DURING TRIAL

Defendant Carl Alan Zaglin respectfully files this Motion for Reset, Continuance or Recess During Trial requesting that the Court either (1) reset the trial in this action for early June, 2025; (2) continue the trial in this action until November, 2025, following the Court's trial in the action of United States v. Palacios Palacios, et al., case # 22-cr-20104-JB, or (3) agree to a recess during any trial in August, 2025, to enable a key witness for Defendant to be present and testify in his defense.

Mr. Zaglin is fully understanding of the scheduling challenges presented by both the Court's trial in the *Palacios* action, set to commence in September, and the United States Department of Justice's needs in order to comply with the Executive Order executed by the President of the United States on February 10, 2025. *See* Exec. Order No. 14209, 90 F.R. 9587 (Feb. 10, 2025). Following the Status Conference held by the Court on March 24, 2025, and the resetting of the trial in this action to commence on August 11, 2025, however, Mr. Zaglin's defense has been presented with its own challenge.

1

Immediately following the Status Conference on March 24, 2025, counsel for Mr. Zaglin contacted the witnesses whom Mr. Zaglin anticipates presenting in his defense at trial to inform the witnesses of the reset trial date. The most important of these witnesses is an attorney who, along with other legal counsel, advised Atlanco, L.L.C., and Mr. Zaglin in relation to the transaction with the Comité Técnico del Fideicomiso para la Administración del Fonda de Protección y Seguridad Poblacional (TASA) of the Republic of Honduras in 2015 alleged in the United States' Indictment. *See* Doc. # 3, pp. 3, 8, 9. On March 24, the witness informed counsel for Mr. Zaglin that he and his spouse have planned a vacation to Europe from August 12, 2025, through August 24, 2025. The witness has filed leaves of absence for this period with various courts in his pending cases. The witness' spouse has furthermore paid for the vacation.

If the trial in this action commences on August 11, 2025, and is anticipated to last two to three weeks, there is a risk that this key witness will be unavailable to testify on Mr. Zaglin's behalf. This risk will be magnified if either or both of Mr. Zaglin's co-defendants do not proceed to trial, correspondingly shortening the government's case-in-chief.

The Due Process Clause, Compulsory Process and Confrontation Clauses of the United States Constitution guarantee a criminal defendant "'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). A defendant's due process rights include the right "to present evidence favorable to himself on an element that must be proven to convict him." *Clark v. Arizona*, 548 U.S. 735, 769 (2006). "[T]he right to present witnesses in one's own defense in a criminal trial lies at the core of the… guarantee of due process of law." *Boykins v. Wainwright*, 737 F.2d 1539, 1544 (11th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 818 (1975); *Santobello v. New York*, 404 U.S. 257, 264 (1971)

2

(Douglas, J., concurring); *Washington v. Texas*, 388 U.S. 14, 19 (1967)). Moreover, "'a scheduled trial date should never become such an overarching end that it results in the erosion of the defendant's right to a fair trial.'" *United States v. Jeri*, 869 F.3d 1247, 1258 (11th Cir. 2017) (quoting *United States v. Uptain*, 531 F.2d 1281, 1291 (5th Cir. 1976)).

Mr. Zaglin understands that the Court will likely be highly averse to continuing or resetting the trial in this action a third time. Mr. Zaglin's counsel has communicated with counsel for the United States and counsel for Defendant Aldo Nestor Marchena and Defendant Francisco Roberto Cosenza Centeno regarding the proposed resetting of the trial for June or the continuance of the trial until November. Counsel for the government has represented that it takes no position regarding whether the Court moves the trial date due to the witness being unavailable and will defer to the judgment of the Court. The government objects to moving the trial date to June 2025, however, in light of the 60 days the government has requested for the Department of Justice's review of the case pursuant to the February 10, 2025, Executive Order, as set forth in the parties' Joint Motion to Continue. *See* Doc. # 115. Counsel for Defendant Marchena would prefer to continue the trial until later in the year to provide the government with sufficient time to determine if it will proceed with trial. And counsel for both Defendant Marchena and Defendant Cosenza do not oppose the requested relief as long as it allows sufficient time for the Office of the Attorney General of the United States to complete its review. In the event that the case is reset to commence in June, Mr. Zaglin submits the fact that his counsel, Mr. Robert Perez, will be unavailable on the dates of June 27 and June 30, 2025.

As an alternative, in the event that the trial is neither reset nor continued and the August 11, 2025, trial date is retained, and the prosecution concludes its case-in-chief prior to August 26, 2025, Mr. Zaglin requests that the Court order an adjournment or recess prior to the defense case

until August 26, 2025, to enable the key witness for Mr. Zaglin to testify in his defense case.[1] A motion for a recess is addressed to the sound discretion of the trial court. *See Hudson v. Blackburn*, 601 F.2d 785, 790 (5th Cir. 1979). The Court possesses the discretion to order a recess or adjournment of trial for a variety of reasons. *See United States v. Pearson*, 832 F.Appx. 679, 683 (11th Cir. 2020) (criminal trial recessed for 22 days due to hurricane); *United States v. Fleming*, 554 F. Supp. 2d 1286, 1289 (N.D. Fla. 2008) (trial court ordered a recess of trial from September 15 to October 2 to permit the defendant's family to be present for the trial); *Monsalve v. United States*, No. 802-CR-22-T-27MSS, 2006 WL 2327291, at *5 (M.D. Fla. Aug. 9, 2006) (trial court stated that it would accommodate the travel requirements of the defendant's witnesses by adjourning the trial); *United States v. Vicaria*, 963 F.2d 1412, 1413 (11th Cir. 1992) (four day recess of trial ordered so that the government and the defense could address jurisdictional issues).

Accounting for time for jury selection and opening statements, the government's case-in-chief evidence would have to take up approximately 10 days in order for Mr. Zaglin to not require a continuance of trial in order to have his key witness present. Considering the potential that all of the Defendants may not proceed to trial, that outcome looks substantially unlikely. Accordingly, if the trial in this action is not reset for June of 2025, Mr. Zaglin respectfully requests that the Court order a recess or adjournment of the trial following the conclusion of the government's case-in-chief so that Mr. Zaglin may have the witness present to testify. If it is estimated that the government's case-in-chief will take up the first week and a half of the trial, a recess or adjournment sufficient to permit the witness to be present would only consume a few potential

---

[1] Mr. Zaglin acknowledges that the witness is due to return to the United States on August 24, 2025. He requests a date of August 26, 2025, out of consideration for the witness and the recognition that the witness resides in the Atlanta, Georgia, area and will need to travel in order to testify.

trial days, at most. Such a reasonable recess or adjournment would furthermore likely not be unwelcome by the jurors or the Court, and would permit them to attend to other matters.

Therefore, based upon the grounds and authorities set forth herein, Mr. Zaglin respectfully requests that the Court grant his Motion for Reset, Continuance or Recess During Trial requesting that the Court either (1) reset the trial in this action for early June, 2025; (2) continue the trial in this action until November, 2025, following the Court's trial in the action of *United States v. Palacios Palacios, et al.*, case # 22-cr-20104-JB, or (3) agree to a recess during any trial in August, 2025, to enable a key witness for Defendant to be present and to testify in his defense.

Respectfully submitted, this 28th day of March, 2025.

                                                                  Robert M. Perez, P.A.
Counsel for Defendant Carl Zaglin
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
(305) 598-8889 - Office
E-mail: rperez@rmplawpa.com

S/Robert M. Perez..................
ROBERT M. PEREZ
Florida Bar Number: 477494

*/s/ Craig A. Gillen*_____
Craig A. Gillen, Esq.
*/s/ Anthony C. Lake*_____
Anthony C. Lake, Esq.
Counsel for Defendant Carl Zaglin
GILLEN LAKE & CLARK LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone: (404) 842-9700
Fax: (404) 842-9750
Email: cgillen@glcfirm.com
        aclake@glcfirm.com

Counsel for Mr. Carl Zaglin

**CERTIFICATION**

Pursuant to the Court's Order Setting Criminal Trial Date, Pretrial Schedule and Instructions, Doc. # 31, counsel hereby certifies that counsel has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of this motion, and that counsel has been unable to resolve the issue by agreement.

S/Robert M. Perez..................
ROBERT M. PEREZ

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF on this 28th day of March, 2025.

Robert M. Perez, P.A.
Counsel for Defendant Carl Zaglin
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
(305) 598-8889 - Office
E-mail: rperez@rmplawpa.com

S/Robert M. Perez..................
ROBERT M. PEREZ
Florida Bar Number: 477494

Counsel for Mr. Carl Zaglin