UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>23-20454-CR-BECERRA</u>

**UNITED STATES OF AMERICA**　　　　　　　　　**FILED UNDER SEAL**

vs.

**CARL ALAN ZAGLIN,
ALDO NESTOR MARCHENA,
FRANCISCO ROBERTO COSENZA CENTENO,**

　　　　　　　　　**Defendants.**
_____/

### <u>DEFENDANT ZAGLIN'S MOTION *IN LIMINE*</u>

　　Defendant Carl Zaglin respectfully moves the Court to exclude from the trial of Defendant (1) any opinions or statements by witnesses which are speculative, based on the witnesses' feelings or things the witness has heard, or not based upon the witnesses' direct personal knowledge or perception, pursuant to Federal Rules of Evidence 602 and 701; and (2) any evidence relating to Defendant or his former business, Atlanco, LLC, which is not related to the allegations in the Indictment and which the Government has not provided the defense with notice of, pursuant to Federal Rule of Evidence 404(b).

### I. <u>INTRODUCTION</u>

　　The Government has produced to the defense reports and notes taken during numerous interviews with witnesses. The reports and notes contain numerous opinions and statements by witnesses without direct knowledge which speculate regarding the nature of the contracts between Mr. Zaglin's company, Atlanco, LLC, and the Comite Tecnico del Fideicomiso para la Administración del Fonda de Protección y Seguridad Poblacional (TASA) to provide the Honduran National Police with uniforms and accessories. By way of example, witness Loren Simpson, who

was neither an officer or employee of Atlanco nor a party to the Honduran contracts, made statements to investigators, in effect:



An additional example of speculative opinions or statements by witnesses were statements by United States Department of State employee Gabriela Salgado ███████████████ ███████████████████████████████████████████ ████████████████

The Government has listed Simpson, Salgado and Berkman as witnesses against Mr. Zaglin at trial, and is expected to call other witnesses who have provided speculative opinions or statements to the Government regarding matters which they possessed no direct knowledge of, rumors or hearsay from others, or their feelings concerning the facts in the case.

The Government has furthermore interviewed former officers and employees of Atlanco. One of these witnesses, Paul Yatsko, made statements to Government investigators regarding ███████████████████████████████████████████████████████ ██████.

Opinions or speculation about the facts at issue in this case by lay witnesses for the Government will not assist the jury in discharging its duties at trial. Similarly, introduction of evidence relating to Atlanco and its employees unrelated to the facts alleged in this case will result in confusion of the issues and misleading of the jury, and thereby in prejudice to Mr. Zaglin. The opinion evidence, and inflammatory evidence relating to Atlanco, should accordingly be excluded from the trial in this action as prejudicial, misleading and confusing over any asserted relevance of the evidence.

## II. ARGUMENT

### A. Speculative or Personal Opinions or Statements By Government Witnesses Should Be Excluded from the Trial in This Action

Under the Federal Rules of Evidence, a witness may only testify to a matter if there is evidence sufficient to support a finding that the witness has personal knowledge of the matter. *See* Fed. R. Evid. 602. Furthermore, a witness who is not testifying as an expert may testify in the form of an opinion where the opinion is limited to one that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "Rule 701(b) helps to protect 'against the admission of opinions which would merely tell the jury what result to reach,' rather than providing information that would assist the jury in drawing its own conclusions." *Vill. of Freeport v. Barrella*, 814 F.3d 594, 611 (2d

Cir. 2016) (quoting *Hester v. BIC Corp.*, 225 F.3d 178, 181 (2d Cir. 2000)); *accord* Fed. R. Evid. 701 Notes.

Mr. Zaglin's central defense to the Government's charges against him is that he lacked any intent to engage in any unlawful conduct. The defense furthermore intends to present evidence in Mr. Zaglin's defense at trial showing that Atlanco and Mr. Zaglin disclosed details of the contracts and agreements with TASA, Aldo Marchena and Achieve GEA, LLC, to their U.S. and Honduran legal counsel prior to entering into the agreements.

In view of Mr. Zaglin's defenses in this action, introduction of speculative or personal opinions through the testimony of Government witnesses would be highly prejudicial to Mr. Zaglin. For instance, permitting testimony that ████████████████████████████████ ████████████████████████████, would create a prejudicial inference at trial that ██████ ████████████████████████████████████████████████████, it must have been apparent to Mr. Zaglin as well. Opinions by witnesses that ██████████████████ ████████████████████████████████████████████████████████████████, would not be helpful to the jury and would verge on constituting opinions on issues to be found by the trier of fact discouraged under Federal Rule of Evidence 704. *See United States v. Sotis*, 89 F.4th 862, 876 (11th Cir. 2023) ("'[Federal] Rule [of Evidence] 704 bars a witness from giving legal opinions (e.g., 'the defendant broke the law') and from discussing culpable mental states (e.g., 'and he did it knowingly')…'") (quoting *United States v. Duldulao*, 87 F.4th 1239, 1269 (11th Cir. 2023)). Such testimony would effectively tell the jury which result it should reach and would amount to a prohibited opinion on issues which the jury must find beyond a reasonable doubt pursuant to Rules 701 and 704.

4

Other opinions or statements by Government witnesses directly and falsely speculate and imply that Mr. Zaglin allegedly knew that payments would be made to Honduran officials. Opinions or statements, such as that ███████████████████████████████████████████████████████████████████████████████████████████████████████ ██████████████, constitute inadmissible and prohibited lay witness opinion concerning Mr. Zaglin's alleged guilt, are merely statements instructing the jury as to which result to reach, and are properly excluded. "'A layman's subjective belief, regardless of its sincerity or ultimate vindication, is patently inadequate to go to the trier of fact.'" *Bayless v. United States*, 767 F.3d 958, 968 (10th Cir. 2014) (quoting *Stoleson v. United States*, 629 F.2d 1265, 1270 (7th Cir. 1980)).

Likewise, witness statements regarding "rumors" or vicariously obtained information, such as that ████████████████████████████████████████████████████████ should be excluded at trial. Such statements or opinions constitute hearsay not within any exception to the rule against hearsay, and are inadmissible under Federal Rule of Evidence 802. "'Hearsay is inadmissible unless the statement is not hearsay as provided by [Federal] Rule [of Evidence] 801(d) or falls into one of the hearsay exceptions.'" *United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010) (quoting *United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005)). Hearsay is traditionally excluded for the reason that it lacks conventional indicia of reliability. *See Chambers v. Mississippi*, 410 U.S. 284, 298 (1973) (citing *California v. Green*, 399 U.S. 149, 158 (1970)). Admission of similar statements has been found to constitute error. *See United States v. Hunerlach*, 197 F.3d 1059, 1067 (11th Cir. 1999) (finding that the trial court's admission of statements by an agent regarding statements he was told by a non-testifying witness constituted an abuse of discretion, although it concluded that the admission was harmless in view of the other evidence); *United States v. Christopher*, 923 F.2d 1545, 1552 (11th Cir. 1991) (holding

that the admission of an out-of-court declarant's statement that she heard that the defendant "cooked crack cocaine" was erroneously admitted, but that the error had no substantial influence on the outcome of the trial and sufficient evidence supported the jury's verdict); *Hutchins v. Wainwright*, 715 F.2d 512, 516–517 (11th Cir. 1983) (finding that the use of statements by an informant to a police officer in the defendant's trial violated the confrontation clause and denied the defendant a fair trial) (citing *Ohio v. Roberts*, 448 U.S. 56 (1980); *Favre v. Henderson*, 464 F.2d 359, 362 (5th Cir. 1972)); *Vill. of Freeport v. Barrella*, 814 F.3d 594, 612 (2d Cir. 2016) (finding that the trial court abused its discretion where it "permitted the jury to consider testimony by several witnesses that amounted to the 'naked speculation' forbidden by Rule 701(b)").

Where "attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule." Fed. R. Evid. 701 Notes. Under the Rules of Evidence, relevant evidence may be excluded under Federal Rule of Evidence 403 where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury. *See* Fed. R. Evid. 403. "Rule 403's major function is 'limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (quoting *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985); quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)). Exclusion of evidence under Rule 403 is an extraordinary remedy which is to be used sparingly, *see Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1318 (11th Cir. 2019) (quoting *Aycock*, at 1069; and a court's discretion to exclude evidence is narrowly circumscribed, *see Aycock*, at 1069 (quoting *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006); quoting *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir. 1989)).

"Opinions by lay witnesses must be derived from personal knowledge or experience." *Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1250 (11th Cir. 2018) (citing Fed. R. Evid. 701 Advisory Committee Notes (2000 Amends.). "Lay opinion testimony cannot 'provide… interpretations that an untrained layman could not make if perceiving the same acts or events.'" *Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1358 (11th Cir. 2022) (quoting *United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001)). Any potential conviction of Mr. Zaglin on the government's charges against him should be based upon facts proven by the government beyond a reasonable doubt at trial. Allowing the prosecution to present the testimony of lay witnesses to the jury to give speculative opinions or testimony not based upon direct knowledge or perception, or prejudicial personal opinions, or to inform the jury of alleged "rumors," would be highly prejudicial to Mr. Zaglin, and would amount to no more than bolstering of the government's arguments, and would invite the jury to convict Mr. Zaglin based upon opinion rather than fact.

"Testimony merely intended to bolster a party's case is more easily excluded under Rule 403 than testimony that forms a critical part of that case." *Aycock*, at 1069 (citing *United States v. Mills*, 704 F.2d 1553, 1560 (11th Cir. 1983)). Courts should not be reluctant to exclude lay opinion witness testimony that is not helpful because it infringes on the jury's determinations. *See United States v. Diaz*, 951 F.3d 148, 152, 161 (3rd Cir. 2020) (agent lay witness testimony about the ultimate decisions for the jury to make are not helpful and should have been excluded); *United States v. Rodriguez-Aldorno*, 695 F.3d 32 (1st Cir. 2012) (overview evidence by a lay witness is problematic, particularly if it involves a witness testifying as to the defendant's culpability); *United States v. Sanabrina*, 645 F.3d 505 (1st Cir. 2011) (lay witness "ultimate issue" testimony is unlikely to satisfy the "helpfulness" requirement of Rule 701 "since the jury's opinion is as good as the

witness"). The danger of prejudice from speculative or personal opinions and statements by witnesses substantially outweighs any asserted probative value of such evidence, and it should be excluded entirely from the trial of Mr. Zaglin in this action.

B. **Other Evidence Regarding Atlanco Unrelated to the Allegations in This Action Be Excluded from the Trial in This Action**

Mr. Zaglin is charged in this case with conspiracy to violate the Foreign Corrupt Practices Act of 1977, 15 U.S.C. §§ 78dd-1 *et seq*. (FCPA), in violation of 18 U.S.C. § 371; a substantive violation of the FCPA; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), relating to the Honduran National Police contracts in 2015 and 2016, and a prospective third contract in 2019 which TASA awarded to another company besides Atlanco. Dkt. #1, pp. 7, 17, 18. ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████.

███████████████████████████████████████████████████

███████ possesses no relevance to the allegations or charges in this action, and should appropriately be excluded in its entirety from the trial in this matter. Any asserted probative value of the evidence would be heavily outweighed by the prejudicial and inflammatory nature of such evidence, and exclusion of any such evidence at trial is warranted under Rule 403. *See United States v. Lehder-Rivas*, 955 F.2d 1510, 1518 (11th Cir. 1992) (finding that testimony by two witnesses that one of the defendants purchased and possessed pornography and sexual devices in prosecution of the defendants for conspiring to smuggle cocaine "was prejudicial and of insignificant probative value… and… fails the balancing test of Rule 403") (citing *United States v. Cox*, 536 F.2d 65, 71 (5th Cir. 1976)). Accordingly, the Court should order the exclusion from the trial in this action of any and all evidence relating to ███████████████████

████████████████████████████████, and any other evidence relating to Atlanco or its employees which is not related to the allegations in the Indictment, or for which the Government has failed to provide notice pursuant to Federal Rule of Evidence 404(b).

## CONCLUSION

Based upon the facts and authorities set forth herein, Defendant Carl Zaglin respectfully requests that the Court grant Defendant's Motion *in Limine* and issue an order excluding evidence relating to (1) any opinions or statements by witnesses which are speculative, based on the witnesses' feelings or things the witness has heard, or not based upon the witnesses' direct personal knowledge or perception, pursuant to Federal Rules of Evidence 602 and 701; and (2) any evidence relating to Defendant or his former business, Atlanco, LLC, which is not related to the allegations in the Indictment and which the Government has not provided the defense with notice of, pursuant to Federal Rule of Evidence 404(b).

Respectfully submitted, this 15th day of August, 2025.

                    Robert M. Perez, P.A.
                    Counsel for Defendant Carl Zaglin
                    3162 Commodore Plaza, Suite 3E
                    Coconut Grove, Florida 33133
                    (305) 598-8889 - Office
                    E-mail: rperez@rmplawpa.com

                    S/Robert M. Perez..................
                    ROBERT M. PEREZ
                    Florida Bar Number: 477494

                    */s/ Craig A. Gillen*
                    Craig A. Gillen, Esq.
                    */s/ Anthony C. Lake*
                    Anthony C. Lake, Esq.

                        Counsel for Defendant Carl Zaglin
GILLEN LAKE & CLARK LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone: (404) 842-9700
Fax: (404) 842-9750
Email: cgillen@glcfirm.com
       aclake@glcfirm.com

Counsel for Mr. Carl Zaglin

## CERTIFICATION

Pursuant to the Court's Order Setting Criminal Trial Date, Pretrial Schedule and Instructions, Doc. # 31, counsel hereby certifies that counsel has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of this motion, and that counsel has been unable to resolve the issue by agreement.

S/Robert M. Perez..................
ROBERT M. PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF on this 15th day of August, 2025.

Robert M. Perez, P.A.
Counsel for Defendant Carl Zaglin
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
(305) 598-8889 - Office
E-mail: rperez@rmplawpa.com

S/Robert M. Perez..................
ROBERT M. PEREZ
Florida Bar Number: 477494

Counsel for Mr. Carl Zaglin