UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>23-20454-CR-BECERRA</u>

UNITED STATES OF AMERICA

vs.

CARL ALAN ZAGLIN,

                    **Defendant.**
                                          /

## <u>DEFENDANT ZAGLIN'S MEMORANDUM REGARDING ADMISSIBILITY OF HANDWRITTEN NOTES AND ATTORNEY-CLIENT COMMUNICATIONS</u>

The defense seeks to introduce handwritten notes by former Chief Financial Officer for Atlanco, LLC, Scott Haygood, into evidence. Mr. Haygood made notes regarding developments relating to Atlanco's contracts to provide uniforms and accessories to the Honduran National Police and brokerage agreement between Atlanco and Achieve GEA, LLC, alleged in the Indictment, including during meetings with legal counsel. The Government has been in possession of the notes by Mr. Haygood and has interviewed Mr. Haygood. Mr. Haygood has been listed as a witness by both the Government and the defense.

The defense respectfully submits that Mr. Haygood's notes are admissible pursuant to several exceptions to the rule against hearsay—almost certainly Federal Rules of Evidence 803(1) and (3) and likely pursuant to Federal Rules of Evidence 803(5) and (6) as well. The defense furthermore respectfully shows that communications with counsel are non-hearsay pursuant to Eleventh Circuit precedent in *United States v. Eisenstein*, 731 F.2d 1540, 1545 (11th Cir. 1984).

**I. <u>Mr. Haygood's Present Sense Impressions Federal Rule of Evidence 803(1)</u>**

The defense believes that Mr. Haygood's notes are admissible in this action pursuant to several exceptions to the rule against hearsay. *See* Fed. R. Evid. 802. First, Mr. Haygood's notes

1

constitute present sense impressions pursuant to Federal Rule of Evidence 803(1), which provides that "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it," Fed. R. Evid. 803(1), is not excluded by the rule against hearsay. The basis for the exception for present sense impressions "is that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation." Fed. R. Evid. 803 Notes (1972 Proposed Rules).

In *United States v. Perl*, 492 F.Appx. 37 (11th Cir. 2012) (*per curiam*; unpublished), the Court of Appeals found that the district court did not abuse its discretion by admitting at trial handwritten notes taken by several witnesses relating to telephone conversations pursuant to the hearsay exception in Rule 803(1), *id*. at 40. *See also Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 567 (4th Cir. 1994) (witness' testimony that he made a handwritten note substantially "contemporaneous with the telephone conversation he had with [the defendant]… establishes the note as a hearsay exception under Rule 803(1) as a present sense impression, i.e., a statement describing or explaining an event or condition made while the declarant was perceiving the condition or event or immediately thereafter"). In this case, Mr. Haygood made his notes at the time of various developments relating to Atlanco's Honduran contract and its brokerage agreement with Achieve GEA. Mr. Haygood's notes explain conditions at various points during the negotiations and performance under these agreements, and are excepted from the rule against hearsay.

## II. Statements of Mr. Haygood's Then-Existing State of Mind Pursuant to Federal Rule of Evidence 803(3)

Second, the defense respectfully submits that admission of Mr. Haygood's notes would be excepted from the rule against hearsay as statements of Mr. Haygood's then existing state of mind under Federal Rule of Evidence 803(3), which states that "[a] statement of the declarant's then-

2

existing state of mind (such as motive, intent, or plan)...," Fed. R. Evid. 803(3), is not barred by the rule against hearsay. Under the Rule, "out-of-court statements admitted into court to establish intent are admissible." *United States v. Duran*, 596 F.3d 1283, 1297 (11th Cir. 2010) (citing *Mutual Life Ins. Co. of N.Y. v. Hillmon*, 145 U.S. 285, 295 (1892). In order for a statement to be admitted under Rule 803(3), "'the declarant's state of mind must be a relevant issue in the case.'" *United States v. Jeri*, 869 F.3d 1247, 1261 (11th Cir. 2017) (quoting *United States v. Scrima*, 819 F.2d 996, 1000 (11th Cir. 1987)).

Mr. Haygood's notes reflect his contemporaneous understanding of events relating to the Honduran contract and brokerage agreement and Mr. Haygood's intent relating to Atlanco's fulfillment of its obligations pursuant to the contract and the brokerage agreement. His notes are accordingly admissible to show his then-existing state of mind. *See United States v. Newell*, 315 F.3d 510, 523 (5th Cir. 2002) (finding that handwritten notes by an in-house accountant for one of the defendants was admissible to prove the witness' state of mind at the time).

### III. Recollections of Mr. Haygood's Knowledge at the Time Pursuant to Federal Rule of Evidence 803(5)

Third, the rule against hearsay does not exclude "[a] record that: (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(5). Statements admitted under Rule 803(5) "may be read into evidence but may be received as an exhibit only if offered by an adverse party." *Id*.

The Rule "requires the proponent to demonstrate that the witness-declarant's memory has faded so that he is no longer able 'to testify fully and accurately.'" *United States v. Jones*, 601 F.3d 1247, 1262 (11th Cir. 2010) (quoting Fed. R. Evid. 803(5)). The witness must furthermore be

3

"'able now to assert that the record accurately represented his knowledge and recollection at the time.'" Id. (quoting *Lopez v. United States*, 373 U.S. 427, 448 n. 1 (1963)).

If Mr. Haygood is shown his notes and the notes are affirmed by Mr. Haygood to accurately reflect his understanding at the time and to assist him in remembering the details relating to the negotiation of the brokerage agreement with Achieve GEA or Atlanco's performance under the brokerage agreement or the Honduran contract, Mr. Haygood's notes would be admissible to be read into the record pursuant to Rule 803(5). *See U.S. E.E.O.C. v. Belle Glade Chevrolet-Cadillac-Buick-Pontiac-Oldsmobile, Inc.*, No. 07-80169-CIV, 2008 WL 62159, at *1 (S.D. Fla. Jan. 3, 2008) (finding that the plaintiff's diary or notes of his supervisor's harassing comments "might form an admissible recording of a past recollection, if it were established that Strack once had knowledge of the events recorded, but now has insufficient recollection of them to testify fully and accurately, and that the notes were made when the matter was fresh in [the plaintiff's] memory and accurately reflect [the plaintiff's] knowledge") (citing Fed. R. Evid. 803(5)). The notes, of course, could be admitted by Mr. Zaglin if found to be admissible under another exception to the rule against hearsay, such as Rule 803(1), Rule 803(3) or Federal Rule of Evidence 803(6).

## IV. Recollections of Mr. Haygood's Knowledge at the Time Pursuant to Federal Rule of Evidence 803(6)

Finally, Federal Rule of Evidence 803(6) contains an exception to the rule against hearsay for:

> A record of an act, event, condition, opinion… if:
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

4

> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). "Rule 803(6) provides an exception to the rule against hearsay for contemporaneous records or reports of events and conditions made in the regular course of business activity." *United States v. Hawkins*, 905 F.2d 1489, 1494 (11th Cir. 1990). "The touchstone of admissibility under the business records exception to the hearsay rule is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence." *United States v. Bueno-Sierra*, 99 F.3d 375, 378–379 (11th Cir. 1996) (citing *United States v. Veytia–Bravo*, 603 F.2d 1187, 1189 (5th Cir. 1979)).

The hearsay exception for records of regularly conducted activity has been applied in this Circuit to uphold the admission of handwritten notes such as those by Mr. Haygood into evidence. *See United States v. Norton*, 867 F.2d 1354, 1363 (11th Cir. 1989) (finding that the district court did not err in admitting a memorandum by a witness detailing a telephone conversation as a business record pursuant to Rule 803(6)); *United States v. Prevatt*, 526 F.2d 400, 403 (5th Cir. 1976) (affirming the introduction of a notebook kept by the secretary of a funeral home showing all funerals performed and payments made as a record of regularly conducted activity). If the requirements of Rule 803(6) are satisfied during the examination of Mr. Haygood, his handwritten notes should be admitted.

### V. Communications With Counsel in Support of a Defense of Good Faith Reliance on Advice of Counsel are Not Hearsay and Are Admissible

In *United States v. Eisenstein*, 731 F.2d 1540 (11th Cir. 1984), the defendants, charged with conspiracy to defraud the United States in violation of 18 U.S.C. § 371, presented a defense of good faith reliance on advice of counsel at trial, *id*. at 1542. During a colloquy between defense counsel and the attorney on whose advice the defendants allegedly relied, the prosecution objected

to the attorney's answers as alleged hearsay, and trial court sustained the objection. *Id*. at 1545. On appeal, the Court of Appeals held that good faith reliance on advice of counsel "*the lawyer's testimony was not offered as proof of the matter asserted—i.e., that [the defendants] operated a currency exchange—but as evidence that [one of the defendants] fully disclosed the nature of his business to his attorney. The testimony was admissible to show the attorney's knowledge and to show [the defendant's] compliance with the 'full disclosure' requirement of his advice of counsel defense.*" Id. (citing Fed. R. Evid. 803(3); *United States v. McLennan*, 563 F.2d 943, 945–947 (9th Cir.1977) ("When the defense is advice of counsel, the advice given, whether correct or not, and whether recitals in it are true or not, is always admissible.")).

Pursuant to *Eisenstein*, communications with counsel for the purpose of establishing Mr. Zaglin's defense of reliance on advice of counsel should be found not to constitute proof of the matters asserted, but should be found to be admissible as evidence regarding Mr. Zaglin's disclosures to his counsel and counsel's knowledge of the transactions forming the basis of the charges against Mr. Zaglin.

Respectfully submitted, this 10th day of September, 2025.

        Robert M. Perez, P.A.
        Counsel for Defendant Carl Zaglin
        3162 Commodore Plaza, Suite 3E
        Coconut Grove, Florida 33133
        (305) 598-8889 - Office
        E-mail: rperez@rmplawpa.com

        S/Robert M. Perez..................
        ROBERT M. PEREZ
        Florida Bar Number: 477494

/s/ *Craig A. Gillen*
Craig A. Gillen, Esq.
/s/ *Anthony C. Lake*
Anthony C. Lake, Esq.
Counsel for Defendant Carl Zaglin
GILLEN LAKE & CLARK LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone: (404) 842-9700
Fax: (404) 842-9750
Email: cgillen@glcfirm.com
aclake@glcfirm.com

Counsel for Mr. Carl Zaglin

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF on this 10th day of September, 2025.

Robert M. Perez, P.A.
Counsel for Defendant Carl Zaglin
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
(305) 598-8889 - Office
E-mail: rperez@rmplawpa.com

S/Robert M. Perez..................
ROBERT M. PEREZ
Florida Bar Number: 477494

Counsel for Mr. Carl Zaglin